Lawrence E. Henke
David L. Vicevich
Vicevich Law
3738 Harrison Ave.
Butte, MT 59701
larry@vicevichlaw.com
dave@vicevichlaw.com
  *Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA, BUTTE DIVISION

| | |
|---|---|
| BAMBI MATILLA,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN COMPANY dba NORTHWESTERN ENERGY,<br><br>Defendant. | Case No.  CV-23-79-BU-BMM-JTJ<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Bambi Matilla, by and through her counsel of record, Lawrence E. Henke, and for her Complaint against Defendant NorthWestern Company dba NorthWestern Energy, asserts and alleges as follows:

## **Parties**

1. Plaintiff Bambi Matilla was a resident of Silver Bow County at all times pertinent hereto.

2. NorthWestern Company is a Delaware Corporation with its principal place of business at 3010 West 69th Street, Sioux Falls, SD 57108.

3. NorthWestern Company does business in Montana as NorthWestern Energy.

4. NorthWestern Company (hereinafter "NorthWestern Energy") can be served through its registered agent, C T Corporation System, at 3011 American Way, Missoula, MT 59808.

## Venue and Jurisdiction

5. Venue is proper in the United States District Court for the District of Montana, Butte Division, pursuant to 28 U.S.C. § 1391(b)(2).

6. This Court has personal jurisdiction over the parties to this lawsuit because all events took place within the Butte Division of the District of Montana.

7. This Court has subject matter jurisdiction over the Plaintiffs' claims alleged in this Complaint because they involve federal statutes. 28 U.S.C. §§ 1331 and 1343.

## Background Facts

8. Bambi Matilla began working for NorthWestern Energy in 2008.

9. She is employed as a Real Time Scheduler.

10. Ms. Matilla's role as a Real Time Scheduler is primarily trading energy on in the hourly market.

11. That process involves both phone contact and computer trading.

12. Trading is done in the Energy Imbalance market as of 2020.

13. Ms. Matilla also manages wind, hydro, and thermal resources to best take advantage of the hourly market prices for Northwestern.

14. Ms. Matilla monitors the system for outages and transmission changes and buys or sells the power these circumstances cause.

15. Ms. Matilla monitors the wind and hydro system for changes and buy/sell power to balance the system to zero when changes occur.

16. Real Time Schedulers at NorthWestern Energy are paid an hourly wage.

17. The "pay week" is Saturday to Friday.

18. Real Time Schedulers at NorthWestern Energy work 12-hour shits on a five-week rotation, meaning some weeks they work 54 hours and some weeks only 32 hours.

19. Real Time Schedulers at NorthWestern Energy are paid overtime (time and a half) for hours worked over 40 in a given pay week.

20. Real Time Schedulers at NorthWestern Energy also get paid a shift differential of an extra $1.00/hour for night shifts, and $0.50/hour on weekends.

21. Each of the five Real Time Schedulers at NorthWestern Energy has identical job duties and roles.

22. In September 2022, Ms. Matilla became aware that a similarly situated male coworker with a similar level of experience as her was receiving a significantly higher salary than her.

23. The following month, Ms. Matilla discovered that a second similarly situated male coworker with a similar level of experience as her was receiving a significantly higher salary than her.

24. She then learned that a third similarly situated male coworker with a similar level of experience as her was receiving a significantly higher salary than her.

25. Ms. Matilla has also observed that male employees regularly are given greater annual pay increases than female employees.

26. Additionally, Ms. Matilla has noticed that male employees are given opportunities for outside training that is not offered to female employees.

27. Male employees are then able to parlay that outside training into a basis for obtaining pay increases and better positions within the company.

28. On or about January 10, 2023, Ms. Matilla filed a Charge of Discrimination with the Montana Human Rights Bureau and the federal Equal Employment Opportunity Commission.

29. On August 7, 2023, the Equal Employment Opportunity Commission issued a Notice of Right to Sue letter to Ms. Matilla.

## CLAIMS AND CAUSES OF ACTION

### Count 1
### VIOLATION OF THE EQUAL PAY ACT AND LILLY LEDBETTER FAIR PAY ACT

30. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

31. Plaintiff is a female employee at NorthWestern Energy; there are other employees who are male and perform the same services for NorthWestern Energy.

32. Plaintiff's hourly rate, as well as that of at least one other female employee, is well below what similarly situated and experience male employees make.

33. Male employees regularly are given greater annual pay increases than female employees.

34. Male employees are also given preferential treatment in obtaining training opportunities.

35. Then, the outside training is treated by the employer as a basis for providing pay increases and better positions within the company to male employees.

36. As a direct and proximate result of the Defendant's unlawful and wrongful conduct Ms. Matilla has suffered and will suffer in the future lost wages, lost fringe benefits, and other damages, in an amount to be proven at trial.

### Count 2
### EMPLOYMENT DISCRIMINATION
### U.S.C. 42 § 2000E, TITLE VII OF THE CIVIL RIGHTS ACT

37. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

38. NorthWestern Energy violated U.S.C. 42 §2000e, Title VII of the Civil Rights Act of 1964 as the employer of Plaintiff when it unlawfully took an action against Plaintiff on the basis of sex by paying her differently because of her

gender than similarly situated male employees. Plaintiff is a female employee at NorthWestern Energy; there are other employees who are male and perform the same services for NorthWestern Energy.

39. Plaintiff's hourly rate, as well as that of at least one other female employee, is well below what similarly situated and experience male employees make.

40. Male employees regularly are given greater annual pay increases than female employees.

41. Male employees are also given preferential treatment in obtaining training opportunities.

42. Then, the outside training is treated by the employer as a basis for providing pay increases and better positions within the company to male employees.

43. As a direct and proximate result of the Defendant's unlawful and wrongful conduct Ms. Matilla has suffered and will suffer in the future lost wages, lost fringe benefits, and other damages, in an amount to be proven at trial.

## COUNT 3
### GENDER DISCRIMINATION AND DISPARATE TREATMENT – M.C.A. § 49-2-303(a)

44. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

45. NorthWestern Energy violated M.C.A. §49-2-303(a) as the employer of Plaintiff by discriminating against Plaintiff on the basis of sex by paying her differently because of her gender than similarly situated male employees. Plaintiff is a

female employee at NorthWestern Energy; there are other employees who are male and perform the same services for NorthWestern Energy.

46. Plaintiff's hourly rate, as well as that of at least one other female employee, is well below what similarly situated and experience male employees make.

47. Male employees regularly are given greater annual pay increases than female employees.

48. Male employees are also given preferential treatment in obtaining training opportunities.

49. Then, the outside training is treated by the employer as a basis for providing pay increases and better positions within the company to male employees.

50. As a direct and proximate result of the Defendant's unlawful and wrongful conduct Ms. Matilla has suffered and will suffer in the future lost wages, lost fringe benefits, and other damages, in an amount to be proven at trial.

## Count 4
### DISABILITY DISCRIMINATION – M.C.A. § 49-1-102(1)(a)

51. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

52. Under the Montana Human Rights Act, M.C.A. § 49-1-102(1)(a), Ms. Matilla has a right to be free from discrimination because of race, creed, religion, color, sex, physical or mental disability, age, or national origin as a civil right. This right includes:

    (a) the right to obtain and hold employment without discrimination; and
    (b) the right to the full enjoyment of any of the accommodation facilities or privileges of any place of public resort, accommodation, assemblage, or amusement.

53. against Plaintiff on the basis of sex by paying her differently because of her gender than similarly situated male employees. Plaintiff is a female employee at NorthWestern Energy; there are other employees who are male and perform the same services for NorthWestern Energy.

54. Plaintiff's hourly rate, as well as that of at least one other female employee, is well below what similarly situated and experience male employees make.

55. Male employees regularly are given greater annual pay increases than female employees.

56. Male employees are also given preferential treatment in obtaining training opportunities.

57. Then, the outside training is treated by the employer as a basis for providing pay increases and better positions within the company to male employees.

58. Ms. Matilla has suffered financial damage, physical harm both in physical pain and emotional distress, and economic hardship due to the actions of NorthWestern Energy.

**COMPLAINT AND DEMAND FOR JURY TRIAL**                                              

## Count 5
### EMPLOYMENT DISCRIMINATION – DISCRIMINATION BASED ON SEX/GENDER

59. Plaintiff herein realleges the foregoing paragraphs as though fully set forth herein.

60. Under 42 U.S.C. § 2000e-2, it is unlawful for an employer to discriminate against an individual based on the individual's sex.

61. NorthWestern Energy has discriminated against Ms. Matilla on the basis of sex by paying her differently because of her gender than similarly situated male employees.

62. Ms. Matilla is a female employee at NorthWestern Energy; there are other employees who are male and perform the same services for NorthWestern Energy.

63. Plaintiff's hourly rate, as well as that of at least one other female employee, is well below what similarly situated and experience male employees make.

64. Male employees regularly are given greater annual pay increases than female employees.

65. Male employees are also given preferential treatment in obtaining training opportunities.

66. Then, the outside training is treated by the employer as a basis for providing pay increases and better positions within the company to male employees.

67. As a direct and proximate result of the Defendant's unlawful and wrongful conduct Ms. Matilla has suffered and will suffer in the future lost wages, lost fringe benefits, and other damages, in an amount to be proven at trial.

68. Ms. Matilla has suffered financial damage, physical harm both in physical pain and emotional distress, and economic hardship due to the actions of NorthWestern Energy.

### Exemplary Damages

69. Under 42 U.S.C. § 1981a(a)(2), a complaining party which brings a cause of action under 42 U.S.C. 12112 may recover compensatory and punitive damages as allowed in subsection (b).

70. 42 U.S.C.A § 1981a(b)(1) states, "a complaining party may recover punitive damages under this section against a respondent if the complaining party demonstrates that the respondent engaged in discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual."

71. This was done in reckless indifference to the protected rights of Ms. Matilla.

72. Plaintiff is therefore entitled to punitive and compensatory damages under 42 U.S.C. § 1981a(a)(2).

## Attorney Fees

73. Ms. Matilla is entitled to attorney fees and costs as the prevailing party in this matter according to M.C.A. § 49-2-512(3).

74. Ms. Matilla is entitled to attorney fees and expert fees as the prevailing party in this matter according to 42 U.S.C. §2000e-5(k).

## Prayer for Relief

Wherefore, Plaintiff prays for relief as follows:

1. An award of damages sustained due to NorthWestern Energy's discriminatory acts based on Ms. Matilla's gender in violation of M.C.A. § 49-2-303(1)(a);

2. An award of damages sustained NorthWestern Energy's discriminatory acts based on Ms. Matilla's gender in violation of M.C.A. § 49-1-102(1)(a);

3. An award of damages for discriminating against Ms. Matilla on the basis of sex in violation of 42 U.S.C. § 2000e-2;

4. Defendant acted with intent, knowledge and malice in retaliating against Plaintiff entitling Plaintiff to punitive damages under 15 U.S.C. § 6604;

5. An award of costs for past, present, and future medical and counsel expenses related to NorthWestern Energy's actions and inactions;

6. An award of court costs and attorney fees;

7. An award of expert fees;

8. An award of punitive damages as permitted by law; and

9. For any other relief the Court deems just under the circumstances.

DATED this 5th day of November, 2023.

/s/ *Lawrence E. Henke*_____
Lawrence E. Henke
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Comes now the Plaintiffs, by and through her counsel, and hereby demand a jury trial.

DATED this 5th day of November, 2023.

/s/ *Lawrence E. Henke*_____
Lawrence E. Henke
Attorney for Plaintiff